**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Jared Allen, Christina Cole, Jeremy Dunaway, Eric Hendrickson, Jennifer Tom, on their own behalf and a class of similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>Ohio Civil Service Employees Association AFSCME, Local 11, Mike DeWine, in his official capacity as Governor of the State of Ohio, Matthew M. Damschroder, in his official capacity as Director of the Ohio Department of Administrative Services,<br><br>            Defendants. | **Case No.:**<br><br>**CLASS ACTION COMPLAINT** |

**INTRODUCTION**

1. On June 27, 2018, the Supreme Court held it unconstitutional for the government to deduct union dues or fees from an individual's wages unless the government can prove the individual waived his or her First Amendment right not to subsidize the union's speech. *Janus v. AFSCME, Council* 31, 138 S. Ct. 2448, 2486 (2018). The State of Ohio and Ohio Civil Service Employees Association AFSCME, Local 11 ("OCSEA") are violating the First Amendment by prohibiting employees from stopping the deduction and collection of union dues from their wages during the term of a collective bargaining agreement, except for its last thirty (30) days, and by deducting and collecting union dues from employees without clear and compelling evidence that they waived their First Amendment rights. Plaintiffs, on behalf of themselves and a class of similarly situated employees, seeks a declaratory judgment, injunctive

relief, and nominal damages and compensatory damages for Defendants' violation of employees' First Amendment rights.

## PARTIES

2. Plaintiffs Jared Allen, Christina Cole, and Jennifer Tom reside in Franklin County, Ohio. Plaintiff Jeremey Dunaway resides in Portage County, Ohio. Plaintiff Eric Hendrickson resides in Licking County, Ohio.

3. Defendant OCSEA is a labor union whose offices are located at 390 Worthington Rd. Westerville, Ohio 43082.

4. Defendant Mike DeWine is the Governor of the State of Ohio and is sued in his official capacity. The Governor is the State of Ohio's chief executive officer.

5. Defendant Matthew M. Damschroder is the Director of the Ohio Department of Administrative Services and is sued in his official capacity. The Ohio Department of Administrative Services is the principle representative of the State of Ohio in collective bargaining and is responsible for payroll processing and making payroll deductions from State employees' wages.

6. "State Defendants" shall refer collectively to Defendants Governor DeWine and Director Damscrhoder.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, because it arises under the United States Constitution, and pursuant to 28 U.S.C. § 1343, because Plaintiffs seek relief under 42 U.S.C. § 1983. This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

8. Venue is proper under 28 U.S.C. § 1391 because the Defendants' offices are located in this judicial district, all but one Plaintiff resides in this judicial district, and a substantial part of the events giving rise to the claims occurred within this judicial district. Assignment to the Eastern Division of this Court is appropriate because Defendants' offices are located within its ambit.

## FACTUAL ALLEGATIONS

*Defendants' Dues Deduction Policies*

9. The State Defendants and OCSEA are parties to a collective bargaining agreement effective from May 12, 2018 through February 28, 2021 ("CBA"). A relevant portion of the CBA is attached as Exhibit A and incorporated herein.

10. The CBA governs the employment terms of over 30,000 State employees who are employed in the job classifications listed in Appendices A-H of the CBA, who shall be referred to as "unit employees."

11. Plaintiffs Allen, Cole, Hendrickson, and Tom are unit employees employed by the Ohio Environmental Protection Agency. Plaintiff Dunaway is a unit employee employed by the Ohio Department of Public Safety.

12. Ohio Revised Code § 4117.09(b)(2) mandates that collective bargaining agreements between exclusive representatives and public employers "shall contain a provision that . . . [a]uthorizes the public employer to deduct the periodic dues, initiation fees, and assessments of members of the exclusive representative upon presentation of a written deduction authorization by the employee." *Id*. at § 4117.09(B)(2).

13. Article 4 of Defendants' CBA governs the deduction of union dues and fees from unit employees' wages. It contains four sections relevant to this case.

3

14. *CBA Section 4.01 "Dues Deduction."* CBA Section 4.01 states, in part, that "[t]he Employer will deduct biweekly membership dues payable to the Union, upon receipt of a voluntary written individual authorization from any bargaining unit employee on a form mutually agreed to by the Union."

15. The Ohio Department of Administrative Services most recent payroll deduction form is State of Ohio ADM Form 6307 (Revised Nov. 2007), which is attached as Exhibit B and incorporated herein.

16. The Ohio Department of Administrative Services and OCSEA also utilize and enforce as a payroll deduction form an earlier version of State of Ohio ADM Form 6307 (Revised June 16, 1998) modified to include pre-printed OCSEA information. An example of such a form, signed by Plaintiff Allen in 2012, is attached as Exhibit C and incorporated herein.

17. On information and belief, the payroll deduction forms referenced in paragraph 15 and 16, and forms substantively similar to them, are the mutually agreed upon forms that Defendants use and rely upon to deduct union dues from unit employees' wages under CBA Section 4.01.

18. Defendants' payroll deduction forms contain no language stating that the authorization of dues deduction only can be revoked, and the deduction of union dues only can be stopped, during certain time periods.

19. Defendants' payroll deduction forms contain no language that informs unit employees that they have a First Amendment right not to financially support OCSEA and its speech or that states that the employees are agreeing to waive that right.

20. *CBA Section 4.02 "Fair Share Fee."* CBA Section 4.02 states is a forced fee requirement that states, in part, that "[a]ny bargaining unit employee who has served an initial sixty (60) days and who has not submitted a voluntary membership dues deduction authorization form to the Employer shall, tender to the Union a representation service fee beginning in the pay period that includes the 61st day."

21. OCSEA's prior collective bargaining agreements with the State of Ohio contained similar forced fee clauses that required employees to pay union fees if they did not submit a membership dues deduction authorization form to the State of Ohio.

22. On or around June 27, 2018, Defendants ceased enforcing CBA Section 4.02 against unit employees because the Supreme Court in *Janus*, 138 S. Ct. at 2486, held forced fee requirements unconstitutional under the First Amendment.

23. *CBA Section 4.03 "Maintenance of Membership."* CBA Section 4.03 states that "[a]ll employees in the bargaining units who, on the effective date of this Agreement, are members of the Union and all employees who thereafter become members shall, as a condition of employment, remain members of the Union for the duration of this Agreement. Employees who wish to terminate their membership may do so by providing written notice to the Union at its principal offices during a thirty (30) day period commencing sixty (60) days prior to the expiration date of this Agreement."

24. Defendants jointly enforce CBA Section 4.03 against unit employees by deducting and collecting union dues from the wages of unit employees who provide notice, outside the specified escape period, that they oppose union membership and the deduction of union dues from their wages.

25. CBA Section 4.03 prohibits unit employees from exercising their First Amendment right not to subsidize OCSEA and its speech except for between December 30, 2020 and January 29, 2021.

26. Defendants continue to enforce CBA Section 4.03 against unit employees notwithstanding the Supreme Court's decision in *Janus*.

27. *CBA Section 4.05 "Indemnification."* CBA Section 4.05 states that "[t]he Union agrees to indemnify and hold the Employer harmless against any and all claims, suits, orders or judgments brought or issued against the Employer as a result of any action taken or not taken as a result of the Union under the provisions of this Article. The parties agree that henceforth OCSEA shall indemnify the Employer for any liability incurred to any third parties arising out of the Employer's deduction of dues or fair share fees."

*Enforcement of Defendants' Dues Deduction Policies Against Plaintiffs*

28. Plaintiffs signed payroll deduction forms prior to June 27, 2018 and at times during which they were required to pay forced fees to OCSEA if they did not authorize the deduction of union dues from their wages.

29. During times relevant to this case and continuing to present, Defendants have deducted union dues from Plaintiffs' wages and OCSEA has collected those dues.

30. Plaintiffs oppose financially supporting OSCEA and its speech. But for Defendants' forced-fee requirement and maintenance-of membership requirement, they would have stopped financially supporting the OSCEA.

31. On July 17, 2018, a human resources official at the Ohio EPA twice informed

6

Plaintiff Allen by email that he could not withdraw from the union until near when the CBA expires.

32. On February 14, 2019, Plaintiff Allen nevertheless attempted to stop the deduction of union dues from his wages. On that day, Allen sent, by certified mail, a letter to both OCSEA and his State employer that provided notice that Allen resigned his union membership and that OCSEA and the State "do not have my affirmative consent to take any money in union dues or fees from my paycheck." The letter further states that "I revoke any prior dues/fees checkoff authorization that I may have signed" and that "I insist you immediately cease deducting any and all union dues or fees from my paychecks."

33. Defendants did not honor Allen's request and continue to deduct and collect union dues from his wages pursuant to the requirements of CBA Article 4.3.

34. Allen informed several of his co-workers, including Plaintiffs Cole, Hendrickson, and Tom, of his futile attempt to stop the deduction of union dues from his wages. Plaintiffs Cole, Hendrickson, and Tom also were aware of the maintenance of membership provision in CBA Article 4.03. Plaintiffs Cole, Hendrickson, and Tom would have sent letters in March 2019 resigning their union memberships and revoking their payroll deduction authorizations but for CBA Article 4.03 and Defendants refusal to honor Allen's revocation request.

35. In December 2018, Plaintiff Dunaway notified the OCSEA that he resigned from the union and did not consent to paying union dues.

36. On January 10, 2019, Brian Eastman, General Counsel for OCSEA, responded

7

to Dunaway in an email that stated:

> I am responding to your recent request to withdraw from the union and opt out of paying union dues. Under Article 4.03 of the Collective Bargaining Agreement (CBA) between OCSEA and the State of Ohio, members may terminate their membership during a thirty (30) day window sixty (60) days prior to the expiration of the CBA.
>
> The Maintenance of Membership provisions under Article 4.03 for the current contractual period went into effect on May 12, 2018. The next time membership may be terminated is at the end of this contractual period. The current collective bargaining agreement does not expire until February 28, 2021. However, we are continually monitoring litigation around the country with respect to Maintenance of Membership Provisions similar to ours and will continue to keep you apprised of any changes.

37. In a letter received by OCSEA on March 6, 2019, Plaintiff Dunaway again notified the OCSEA that "[e]ffectively immediately, I resign from membership in the local union and all of its affiliated unions" and it "must immediately cease enforcing the dues check-off authorization agreement that I signed."

38. On March 28, 2019, Brian Eastman, General Counsel for OCSEA, responded to Dunaway with an email that acknowledged receipt of his latest revocation letter and that reiterated that, under CBA Article 4.03, "[t]he next time membership may be prohibited is at the end of this contractual period. The current collective bargaining agreement does not expire until February 28, 2021."

39. On August 26, 2019, counsel for Plaintiffs sent a letter to OCSEA, Defendant Damschroder, and Plaintiffs' respective agencies that notified them that Plaintiffs "oppose subsidizing the [OCSEA] and do not consent to the deduction or collection of any union dues or fees from their wages," and that, "[t]o the extent they have not already done so, [Plaintiffs] immediately resign their memberships in OCSEA and

8

revoke any dues deduction authorization they may have signed."

40. On information and belief, the Defendants will continue to jointly enforce their maintenance-of-membership requirement against Plaintiffs and similarly situated unit employees and will continue to deduct and collect union dues from Plaintiffs and similarly situated unit employees without clear and compelling evidence that they waived their First Amendment to right to refrain from subsidizing OSCSEA's speech.

## CLASS ACTION ALLEGATIONS

41. Plaintiffs bring this case on their own behalf and on behalf of others similarly situated, and seek the certification of two classes. First, Plaintiffs seek the certification, under Federal Rule of Civil Procedure 23(b)(1)(A), (b)(1)(B), and (b)(2), of a "Class" of all unit employees who are subject or were subject to CBA Section 4.03 or any similar maintenance-of-membership requirement. Second, Plaintiffs seek the certification, under Rules 23(b)(2) and (b)(3), of a "Revocation Class" that consists of all unit employees from whom, at any time after June 27, 2018, Defendants deducted or collected union dues after receiving notification from the individual that he or she did not consent to paying union dues.

42. There are over 30,000 unit employees. On information and belief, the vast majority of these employees are prohibited by CBA Section 4.03 from stopping the deduction and collection of union dues from their wages. The number of Class members makes joinder of the individual Class members impractical.

43. On information and belief, Defendants deducted or collected union dues, and will continue to deduct and collect union dues, from unit employees after receiving

9

notification that they do not consent to paying union dues, rendering joinder of individual Revocation Class members impractical.

44. There are questions of fact and law common to all Class and Revocation Class members. Factually, all are subject to the same maintenance-of-membership requirement and dues deduction practices. The dispositive question of law is the same for Plaintiffs, Class and Revocation Class members: are the Defendants' maintenance-of-membership requirement and dues deduction practices constitutional under the First Amendment?

45. Plaintiffs' claims are typical of Class members' and Revocation Class members' claims because all concern whether the Defendants' maintenance-of-membership requirement and dues deduction practices violate their First Amendment rights

46. Plaintiffs will adequately represent the interests of the proposed classes, and have no interests antagonistic to the class.

47. A class action by Class members can be maintained under Rule 23(b)(1)(A) because separate actions by Class members concerning the constitutionality of Defendants' maintenance and enforcement of CBA Section 4.03 or similar maintenance-of-membership requirement could risk inconsistent adjudications that would establish incompatible standards of conduct for Defendants.

48. A class action by Class members can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of Defendants' maintenance and enforcement of CBA Section 4.03 or similar maintenance-of-membership requirement will as a practical matter, be dispositive of the interests of all Class

members or substantially impair or impede their ability to exercise their First Amendment rights.

49. A class action by Class members and Revocation Class members can be maintained under Rule 23(b)(2) because Defendants, by maintaining and enforcing CBA Section 4.03 or similar maintenance-of-membership requirements, have acted or refused to act on grounds that apply generally to members of the Class and Revocation Class, so that final injunctive or declaratory relief is appropriate for the Class and Revocation Class as a whole.

50. A class action by Revocation Class members can be maintained under Rule 23(b)(2) because Defendants, by deducting and collecting union dues from Revocation Class members' wages without their consent and without clear and compelling evidence that they waived their First Amendment rights to refrain from subsidizing OSCEA and its speech, have acted or refused to act on grounds that apply generally to members of the Revocation Class, so that final injunctive or declaratory relief is appropriate for the Revocation Class as a whole.

51. A class action by Revocation Class members can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual Revocation Class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all Revocation Class members are subjected to the same violation of their constitutional rights but the amount of

11

money involved in each individual's claim would make it burdensome for class members to maintain separate actions. The amount of the unauthorized deductions taken from plaintiffs and class members is known to the defendant.

## CAUSE OF ACTION

52. Plaintiffs reallege and incorporate by reference the paragraphs set forth above.

53. Defendants act jointly and under color of state law by maintaining and enforcing Article 4 of the CBA, by deducting and causing the deduction of union dues from unit employees' wages, and by collecting union dues deducted from unit employees' wages.

54. In J*anus*, the Supreme Court held it violates the First Amendment for the government to deduct union dues and fees from public employees' wages without their affirmative consent. 138 S. Ct. at 2486. The Court further held that, to be effective, an individual's consent to pay union dues must meet the criteria for a waiver of First Amendment rights. *Id*.

55. A valid waiver of First Amendment rights requires clear and compelling evidence that the putative waiver was voluntary, knowing, and intelligent and that enforcement of the waiver is not against public policy. Defendants bear the burden of proving that these criteria are satisfied.

56. Defendants cannot prove that Plaintiffs and Class and Revocation Class members voluntarily, knowingly, and intelligently waived their First Amendment rights not to subsidize OCSEA's speech because, among other reasons, Defendants' payroll

12

deduction forms: (i) do not inform employees that they have a First Amendment right not to financially support an exclusive representative and its speech; (ii) do not state that the employee agrees to waive that right; and (iii) if signed prior June 27, 2018, were signed prior to the Supreme Court's recognition that public employees have a First Amendment right not to subsidize a union's speech and at a time during which employees were required to pay forced fees to OCSEA as a condition of their employment.

57. Plaintiffs and Class and Revocation Class members also did not consent to any restriction on their ability to revoke a payroll deduction authorization or to stop the deduction and collection of union dues from their wages.

58. Defendants, acting jointly and pursuant to Ohio Revised Code § 4117.09(b)(2), are deducting and collecting union dues from unit employees' wages without clear and compelling evidence that they voluntarily, knowingly, and intelligently waived their First Amendment right not to subsidize OCSEA and its speech.

59. Defendants' maintenance and enforcement of CBA Section 4.03 and similar maintenance-of-membership requirement is against public policy because it significantly impinges on employees' First Amendment rights by compelling employees, who do not or no longer want to subsidize OCSEA's speech, to subsidize that speech for the remainder of the collective bargaining agreement's term. No countervailing public interest justifies this significant impingement on First Amendment rights.

## Count I

**(Maintenance of Membership Clause Violates the First Amendment)**

60. Defendants' maintenance and enforcement of CBA Section 4.03 and any similar maintenance-of-membership requirement deprives Plaintiffs, Class members, and Revocation Class members of their First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

61. Plaintiffs, Class Members, and Revocation Class Members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law.

## Count II

**(Nonconsensual Dues Deductions Violate the First Amendment)**

62. Defendants, by deducting and collecting union dues from Plaintiffs and Revocation Class members without clear and compelling evidence that they waived their First Amendment rights to refrain from subsidizing OCSEA and its speech, are depriving Plaintiffs and Revocation Class members of their First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

63. CBA Section 4.01, and any other agreement between Defendants that requires the State to deduct union dues from unit employees, is unconstitutional under the First Amendment to the extent it is enforced to cause the deduction of union dues from unit employees without clear and compelling evidence that the employees

waived their First Amendment rights to refrain from subsidizing OCSEA and its speech.

64. Ohio Revised Code § 4117.09(B)(2) is unconstitutional under the First Amendment to the extent it requires that collective bargaining agreements contain provisions that authorize public employers to deduct union dues, fees, or assessments from employees without clear and compelling evidence that the employees waived their First Amendment rights to refrain from subsidizing an exclusive representative and its speech.

65. Plaintiffs and Revocation Class Members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law.

## Count III

### (Indemnification Clause)

66. Defendants' maintenance of CBA Section 4.04, in which OCSEA agrees to indemnify the State "for any liability incurred to any third parties arising out of the Employer's deduction of dues or fair share fees," provided and continues to provide the State of Ohio with an incentive not to ensure that its deductions of union dues from unit employees conforms to the First Amendment and 42 U.S.C. § 1983.

67. Defendants maintenance of CBA Section 4.04 deprives Plaintiffs, Class members, and Revocation Class members of their First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

68. CBA Section 4.04 is void and enforceable as against public policy.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court:

A. Issue a declaratory judgment that Defendants violate the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by: (1) maintaining and enforcing CBA Section 4.03 and maintenance-of-membership requirements; (2) enforcing CBA Section 4.01 or otherwise deducting union dues from unit employees' wages without clear and compelling evidence that the employees waived their First Amendment right to refrain from subsidizing a union and its speech; and (3) maintaining and enforcing CBA Section 4.04.

B. Issue a declaratory judgment that Ohio Revised Code § 4117.09(B)(2) is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to the extent it requires that collective bargaining agreements contain provisions that authorize public employers to deduct union dues, fees, or assessments from employees without clear and compelling evidence that the employees waived their First Amendment rights to refrain from subsidizing an exclusive representative and its speech.

C. Permanently enjoin Defendants, along with affiliates, agents, and any other person or entity in active concert or participation with them, from engaging in the conduct that Plaintiffs request be declared unconstitutional.

D. Award equitable relief that requires the Defendants to provide Plaintiffs, Class members, and Revocation class members with written notice that CBA Section 4.03 and maintenance-of-membership requirements are unconstitutional and unenforceable, that they have the right to stop the deduction and collection of union dues from

them at any time, and an opportunity to retroactively exercise that right;

E.  Award compensatory damages to Plaintiffs and Revocation Class Members;

F.  Award nominal damages to Plaintiffs, Class Members, and Revocation Class Members;

G. Award Plaintiffs their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

H.  Grant other and additional relief as the Court may deem just and proper.

Date: August 27, 2019

        By /s/ Donald C. Brey
        Donald C. Brey (0021965)
        Isaac Wiles Burkholder & Teetor LLC
        Two Miranova Place, Suite 700
        Columbus, Ohio 43215
        Tel (614) 340-7457
        dbrey@isaacwiles.com

        and

        William L. Messenger
        (Pro Hac Vice Motion to be filed)
        National Right to Work Legal Defense
         Foundation
        8001 Braddock Road, Suite 600
        Springfield, VA 22160
        Tel (703) 321-8510
        wlm@nrtw.org

        *Attorneys for Plaintiffs*